FILED

June 16, 2021

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 7:15 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| June Ruggieri, | ) | **Docket No. 2020-06-1452** |
| **Employee,** | ) | |
| v. | ) | |
| Amazon.com, LLC, | ) | **State File No. 37474-2020** |
| **Employer,** | ) | |
| And | ) | |
| American Zurich Ins. Co., | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

This case came before the Court on June 8 for an expedited hearing. June Ruggieri alleged that she injured her shoulder while working at Amazon.com, LLC. Amazon initially provided treatment but later denied the claim, asserting that she gave untimely notice. After the denial, Ms. Ruggieri sought unauthorized treatment with an orthopedist. She seeks an order designating the orthopedist as the authorized treating physician and making Amazon pay past and ongoing bills incurred for her treatment and temporary disability benefits, as well as attorney fees for an alleged wrongful denial.

For the reasons below, the Court holds Ms. Ruggieri is likely to prevail in a hearing on the merits that she gave timely notice and suffered an injury arising primarily out of and in the course and scope of employment. The Court grants her requested relief in part but denies her request for attorney fees at this time.

### Claim History

Ms. Ruggieri worked night shifts in the Amazon warehouse. She testified that on Tuesday, May 5, 2020, early in her shift before midnight, as she took down an unexpectedly heavy package from the top shelf of a rack, the package fell and pulled her right arm downward. She immediately felt a tear in her right shoulder but continued working. She returned to work the next evening but asked to leave early due to pain. She testified that

she did not immediately report the injury because she thought her condition might improve after resting over her weekend.

Ms. Ruggieri testified that she later told two separate "learning ambassadors," also known as "line leaders" or "shift leads," about the injury. Although the learning ambassadors are continuously assigned different duties and personnel to manage, they wear vests that identify them as supervisors.

According to Ms. Ruggieri, on Saturday, May 9, as she began her shift, a learning ambassador named "Donna" asked why she left early a few nights ago, "and I told her it was because I was hurt the night before."

Then on May 19, she told a learning ambassador named "Ruchika," also known as "Rena," about her injury. Ms. Ruggieri testified that she was struggling to drag a box with her left arm, and Ruchika asked if she needed help. She told Ruchika she had injured her arm and was worried that it would be a workers' compensation case. To Ms. Ruggieri's knowledge, Amazon did not complete a report of injury at that time.

Ms. Ruggieri called Amazon's "Dial-a-Doc" on May 22. Afterward, she contacted an urgent care clinic, which refused to see her because her injury occurred at work. She asked her shift manager, "Trevia," to file a claim on May 24, and the next morning she completed Amazon's "Associate First Report of Injury."[1]

Ms. Ruggieri testified that no one answers the phone at Amazon. On cross-examination, she stated that human resources staff rarely work night shifts, and she could not see them during the day because associates are not allowed on the premises unless they are scheduled to work. Ms. Ruggieri acknowledged that she did not email Trevia or any other manager but explained that she did not know Trevia's email address and that, in her experience, managers do not respond to email.

As for authorized treatment, on May 25, Amazon sent Ms. Ruggieri to a nearby emergency room. She testified that providers there took her off work, and she did not work for a week. Later, Ms. Ruggieri chose Dr. Harold Nevels from a panel. She saw him five times in the coming month. Dr. Nevels initially diagnosed a shoulder sprain, placed her on restricted duty, and ordered physical therapy. According to Ms. Ruggieri, Amazon never authorized the physical therapy.

Dr. Nevels completed a "Healthcare Provider Request for Information Form" for Amazon in mid-June, checking a box that the injury is "work-related." Amazon objected

---

[1] Ms. Ruggieri mistakenly wrote on the form that her injury occurred on May 7.

to the admissibility of this document, contending that it contains unauthenticated hearsay and is an employment record, not a medical record.

The Court admitted the document. Tennessee Code Annotated section 50-6-239(c)(1) states that whenever the administrator has adopted an evidentiary rule that conflicts with the Rules of Evidence, the administrator's rule applies. Tennessee Compilation Rules and Regulations 0800-02-21-.16(2)(b) (August, 2019) states that signed medical records are admissible.

As to whether this particular document is a medical record, Tennessee Code Annotated section 63-2-101 broadly defines "medical records" in relevant part as "all medical histories, records, reports and summaries." The Appeals Board has held that "medical reports signed by a physician are admissible. *See Morgan v. Macy's,* 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at \*21 (Aug. 31, 2016) (Trial court did not err by admitting a signed utilization review report into evidence).

Although the document at issue is a form created by Amazon and was not generated by the doctor or the Bureau, the Court reasonably infers that Dr. Nevels completed it at Amazon's request. It reports/summarizes detailed medical information about Ms. Ruggieri's condition and necessary work accommodations, including whether she was prescribed medication. Dr. Nevels noted the physical therapy and orthopedic referrals on the form. Considering the predominance of medical rather than employment information conveyed within the two-page document, the Court finds this is a medical record and is therefore admissible under the administrator's rule.

On June 15, 22 and 29, Dr. Nevels referred Ms. Ruggieri to orthopedist Dr. Kyle Joyner. The June 15 notes stated that Dr. Nevels referred her to Dr. Joyner "for second opinion," but later the notes clarified Dr. Nevels's intention: "I would like to have Dr. Joyner re evaluate [sic] this case and assume management." Dr. Nevels maintained Ms. Ruggieri's work restrictions throughout her treatment.

Amazon never authorized the referral or offered a panel of orthopedists. Instead, it denied the claim on July 2, asserting Ms. Ruggieri gave a "late report" of her injury as the sole basis for the denial. Afterward, Ms. Ruggieri continued working.

Ms. Ruggieri saw Dr. Joyner on her own in March 2021. He suspected rotator cuff pathology and ordered an MRI, which confirmed a right-shoulder full thickness rotator cuff tear. Dr. Joyner performed surgery, but his notes are silent as to work restrictions. Ms. Ruggieri said he assigned restrictions in a letter she gave to Amazon. She worked a few shifts until her last day at work on April 22. She is not currently working.

In a letter from Ms. Ruggieri's attorney, Dr. Joyner checked "yes" when asked whether "[w]ithin a reasonable degree of medical certainty and considering all causes . . .

the right shoulder condition for which you are treating Ms. Ruggieri [is] more than 50% related to her on the job injury at Amazon in May of 2020." He noted, "Likely secondary to lowering a heavy box from an overhead position." Amazon offered no contrary medical causation opinion.

Ms. Ruggieri further testified that she incurred medical expenses totaling $1,661.96 for visits with Dr. Joyner, surgery and physical therapy. However, the Court did not admit the bills or a spreadsheet summarizing them into evidence, based on *Eaves v. Ametek,* 2018 TN Wrk. Comp. App. Bd. LEXIS 53, at *8 (Sept. 14, 2018). In that case, the Appeals Board held that medical bills were inadmissible, when not signed by a physician, not accompanied by a proper certification, not attached to an affidavit from a medical provider attesting to their accuracy or completeness, and the employee offered no proof that the medical bills were reasonable, necessary, or causally-related to the work accident.

*Procedural history and motion to continue*

Amazon moved for a continuance before the hearing. The Court heard argument on the motion on the morning of the hearing. A review of past events and their timing provides a helpful context for the Court's decision to deny the motion.

Ms. Ruggieri, self-represented at the time, filed her petition for benefit determination in September 2020. A dispute certification notice was issued on February 10, 2021, that included compensability as an issue. Notably, Amazon submitted a February 2 letter to the mediator outlining the issues, including whether the injury arose primarily from employment.

On March 30, Ms. Ruggieri filed a request for expedited hearing but not an affidavit or declaration. On April 6, her attorney filed a notice of appearance, and on April 9, he filed her declaration.

The Court held a pretrial hearing on April 19, where the parties agreed to a June 8 trial date. On May 21, Ms. Ruggieri filed medical records from Dr. Joyner, and on May 24, Amazon filed its pre-hearing brief.

On May 28, Amazon moved for a continuance to obtain an employer's examination and depose Dr. Joyner.

As grounds, Amazon argued that the hearing request was improper because the declaration was not filed at the same time. Tennessee Compilation Rules and Regulations 0800-02-21-.15(1) reads, "A request for expedited hearing must be accompanied by an affidavit or a T.R.C.P. Rule 72 declaration[.]" However, the Appeals Board has held, "In the context of the regulation addressing expedited hearings, we conclude that 'accompanied by' contemplates that the supporting documentation is to be filed in

association with the request for hearing and does not necessarily require the documentation to be filed concurrently or contemporaneously with the request for hearing." *Smith v. La-Z-Boy,* 2017 TN Wrk. Comp. App. Bd. LEXIS 52, at *9-10 (Aug. 31, 2017).

Amazon additionally argued that Dr. Joyner's medical records were not filed with the Court with the request for expedited hearing as required by the rules. The Court is unpersuaded, applying the same logic from *Smith*: "accompanied by" does not necessarily require the documentation to be filed concurrently or contemporaneously with the hearing request. Moreover, the April record recommending surgery did not exist when she filed her request. Once Ms. Ruggieri's attorney became involved in the case, he disclosed records as they were received.

Amazon additionally contends that it did not have the opportunity to question and/or cross-examine Dr. Joyner regarding his findings and opinions, and it would like to obtain an employer's examination.

The Court rejects these arguments. Amazon received Dr. Joyner's records on May 21. Amazon has been aware of compensability and medical causation as issues in this case since at least February 2. Its attorney voiced no concerns regarding the need for an employer's examination at the pretrial hearing, where she agreed to the June 8 hearing date.

The Appeals Board has reminded, "trial courts have been charged with controlling the pace of litigation through the use of supervision and docket management which will ensure efficient disposition of civil cases." *Smith v. The Newman Grp., LLC,* 2015 TN Wrk. Comp. App. Bd. LEXIS 30, at *9 (Sept. 21, 2015). Here, the Court finds no good cause to continue the hearing. *See* Tenn. Comp. R. and Regs. 0800-02-21-.11(8) (August, 2019).

### Findings of Fact and Conclusions of Law

At an expedited hearing, Ms. Ruggieri must show that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Notice*

Notice is the threshold issue in this case. When lack of notice is raised as a defense, the burden is on the employee to show that notice was given, the employer had actual notice, or the failure to give notice was reasonable under the circumstances. *Hosford v. Red Rover Preschool,* 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *15 (Oct. 2, 2014).

The Workers' Compensation Law provides that an injured employee "shall, immediately upon the occurrence of an injury, or as soon thereafter as practicable, give . . . to the employer who has no actual notice, written notice of the injury . . . within fifteen (15) days after the occurrence of the accident, unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal[.]" Tennessee Code Annotated section 50-6-201(a)(1).

Further, "[n]o defect or inaccuracy in the notice shall be a bar to compensation, unless the employer can show, to the satisfaction of the workers' compensation judge . . . that the employer was prejudiced by the failure to give the proper notice, and then only to the extent of the prejudice." *Id.* at § 50-6-201(a)(3). In addition, "The notice shall be given personally to the employer or to the employer's agent or agents having charge of the business at which the injury was sustained by the employee." *Id.* at § 50-6-201(a)(4).

Here, Ms. Ruggieri credibly testified that she gave notice of her injury to Donna on May 9 and Ruchika on May 19. Her understanding of their roles, their job titles of learning ambassador, shift lead, and line lead, and their vests setting them apart from other workers, caused Ms. Ruggieri to reasonably believe they had "charge" to assist her. The statute makes no distinction regarding actual supervision at the time of the injury or report. When Donna and Ruchika did not complete paperwork to initiate the claim, Ms. Ruggieri called Amazon's "Dial-a-Doc" on May 22 and notified her shift manager on May 25 and completed a written first report. Amazon did not contravene this testimony.

The Court finds the conversations with Donna and Ruchika provided notice within the statutory fifteen days. She contacted "Dial a Doc" and ultimately gave the shift manager, Trevia, written notice. The Court finds the conversations with Donna and Ruchika were a reasonable excuse for the failure to give written notice within fifteen days.

Amazon argued it was prejudiced by Ms. Ruggieri's failure to give timely notice. The Court disagrees. The notice requirement contained in the statute "exists so that an employer will have an opportunity to make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for an injured employee." *Hosford,* at *15.

On this record, the Court finds no prejudice to Amazon. Amazon argued, without medical proof, that Ms. Ruggieri working in the days immediately after her injury, rather than receiving medical treatment, likely worsened her alleged injury. However, "parties and their lawyers cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments." *Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *16 (Feb. 14, 2018). Moreover, Amazon provided immediate emergency treatment on May 25, the same day Ms. Ruggieri told Trevia that she was injured. Amazon offered no proof of how a delay in treatment from May 5 through May 25 hampered its investigation. Ms. Ruggieri filed her petition last September. From that

point forward, Amazon has been able to engage in formal discovery, including taking her deposition, but it has not.

In sum, the Court holds that Ms. Ruggieri has satisfied her burden. She has shown she is likely to prevail at a hearing on the merits that Amazon had timely notice and that she had a reasonable excuse for her failure to give timely written notice.

*Injury arising primarily from employment*

Next, Ms. Ruggieri must show that she suffered an "injury" as defined in the Workers' Compensation Law.

Tennessee Code Annotated section 50-6-102(14) defines "[i]njury" to mean "an injury by accident . . . arising primarily out of and in the course and scope of employment," that causes the need for medical treatment. An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence, and to a reasonable degree of medical certainty, that the employment "contributed more than fifty percent" in causing the injury, considering all causes. *Id.* at § 50-6-102(14)(B)-(C).

As to the above definition and medical causation, the Court finds that Dr. Joyner gave the opinion that "within a reasonable degree of medical certainty and considering all causes," Ms. Ruggieri's shoulder condition is "more than 50% related to her on the job injury at Amazon in May of 2020." He explained the injury was "[l]ikely secondary to lowering a heavy box from an overhead position," which coincides with Ms. Ruggieri's description of how she became injured. Moreover, Dr. Nevels, an authorized treating physician, completed a form at Amazon's request where he checked a box characterizing the injury as "work-related." Amazon offered no contrary medical proof.

While neither doctor used the complete statutory definition in their opinions, their word choice comes very close. A physician need not use particular words or phrases included in the statutory definition of "injury" to show the requisite medical proof to succeed at trial, but rather what *is* necessary is sufficient proof from which the trial court can conclude that the statutory requirements of an injury as defined in section 50-6-102(14) are satisfied. *Panzarella v. Amazon.com, Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 30, at *13-15 (May 15, 2017) (Emphasis in original). In addition, Dr. Nevels's opinion that Ms. Ruggieri's injury is "work-related" is presumed correct. *See* Tenn. Code Ann. § 50-6-102(14)(E) (The causation opinion of a physician chosen from a panel is presumed correct). The Court concludes that Ms. Ruggieri is likely to show at a hearing on the merits that she suffered an injury arising primarily from employment.

*Requested relief and Compliance Program referrals*

Ms. Ruggieri has requested that the Court designate Dr. Joyner as the authorized treating physician and order payment of past medical bills.

The Appeals Board has written, "It is a fundamental tenet of Tennessee workers' compensation law that an employer is responsible for furnishing an injured worker 'such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter.'" *Barrett v. Lithko Contracting,* 2016 TN Wrk. Comp. App. Bd. LEXIS 93, at *5 (Dec. 8, 2016), *citing* Tenn. Code Ann. § 50-6-204(a)(1)(A). Further, "[a]n employer who elects to deny a claim runs the risk that it will be held responsible for medical benefits obtained from a medical provider of the employee's choice and/or that it may be subject to penalties for failure to provide a panel of physicians and/or benefits in a timely manner." *Barrett,* at *8.

Applying these principles, Dr. Nevels referred Ms. Ruggieri to Dr. Joyner three times, on June 15, 22 and 29. "In circumstances where an authorized physician has referred the injured worker to a particular specialist, '[t]he employer shall be deemed to have accepted the referral, unless the employer, within three (3) business days, provides the employee a panel of three (3) or more independent reputable physicians.'" *Barrett,* at *6, *citing* Tenn. Code Ann. § 50-6-204(a)(3)(A)(ii). Amazon ignored the referrals and this clear statutory pronouncement, and it failed to either offer a timely panel of orthopedists or authorize treatment with Dr. Joyner. Amazon took a deliberate risk, and now it must bear the consequences.

The Court orders that Amazon provide medical benefits with Dr. Joyner as the authorized treating physician and shall authorize any recommended treatment. As to previously incurred expenses, Ms. Ruggieri has not shown entitlement on this record, and the request is denied at this time.

Ms. Ruggieri additionally sought temporary disability benefits for four days after the injury. Amazon correctly argued that the Workers' Compensation Law does not allow compensation for the first seven days of injury. Tenn. Code Ann. § 50-6-205(a).

Ms. Ruggieri also requested temporary benefits from April 23 to the present, and ongoing. To receive temporary total disability benefits, an employee must prove (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Constr. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). Here, Amazon argued that Ms. Ruggieri did not offer proof that Dr. Joyner took her off work, post-surgery. The Court agrees. On this record, she has not shown "total disability," so she is not likely to prevail on her request for temporary disability benefits at this time.

She further seeks attorney fees. Tennessee Code Annotated section 50-6-226(d)(1) states that the court may award fees when the employer "[w]rongfully denies a claim[.]" A decision to award attorney's fees at an interlocutory stage of a case should be made "only in *extremely limited circumstances*." *Travis v. Carter Express, Inc.,* 2019 TN Wrk. Comp. App. Bd. LEXIS 25, at *10 (June 24, 2019) (Emphasis in original). Further, when an employer denies a claim or refuses to initiate benefits "based on a reasonable interpretation of the facts available to it at the time the claim is denied, even if that denial is later found to be wrongful, the court should delay an award of attorney's fees until the litigation has run its course and there is no longer a question as to the compensability of the claim[.]" *Id.* at *14.

Considering these legal principles, the Court finds it appropriate to delay a fee award until this case has run its course and compensability is no longer a question. In light of Amazon's intention to obtain an employer's examination and to depose Dr. Joyner, the compensability of the claim remains a viable issue for the compensation hearing.

As a final matter, the Court refers this case to the Compliance Program to investigate and potentially penalize Amazon for the following.

- ■ Tennessee Compilation Rules and Regulations 0800-02-01-.06(8) (May, 2018) provides that where "the authorized treating physician, selected by the employee from an initial panel, refers the employee for specialized care, the employer shall be deemed to have accepted the referral, unless the employer, within three (3) business days, provides a panel of three (3) or more independent reputable . . . specialty practice groups to the employee[.]" The Court finds that Amazon did not accept Dr. Nevels's referrals to Dr. Joyner to assume treatment, nor did it offer a panel of orthopedists.

- ■ Tennessee Compilation Rules 0800-02-14-.04(6) (August, 2018) states that "Decisions on compensability shall be made by the adjusting entity within fifteen (15) calendar days of the verbal or written notice of injury." The Court finds that Amazon received notice of Ms. Ruggieri's alleged injury in May, but it denied the claim raising a notice defense on July 2, after the fifteen-day timeframe.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

1. Amazon shall provide medical benefits with Dr. Kyle Joyner as the authorized treating physician. It shall promptly pay any bills incurred for treatment provided on or after the date of this order.

2. This case is set for a status hearing on **September 13, 2021, at 9:00 a.m. Central Time.** You must dial 615-532-9552 or 866-943-0025 toll-free. Failure to call might result in a determination of the issues without your participation.

3. This case is referred to the Compliance Program for consideration of the imposition of penalties regarding Amazon's failures to timely authorize treatment with a referral physician or to offer a panel of specialists, and to make a decision on compensability within fifteen days of notice of the injury.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED June 16, 2021.**


_Kenneth M. Switzer_
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**Appendix**

Evidence:
1. Ms. Ruggieri's Declaration and attachments (Ex. B for identification only)
2. Employee's Medical Records
3. Medical bills, Dr. Joyner (Identification only)
4. First Report of Injury
5. Associate First Report of Injury
6. (Withdrawn by the parties' agreement)
7. Notice of Denial

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice and Employer's additional issues
3. Request for Expedited Hearing
4. Pretrial Hearing Order

5. Employer's Response to Hearing Request
6. Motion to Continue
7. Employee's Response to Motion to Continue

Stipulation:
Ms. Ruggieri's average weekly wage is $823.68, and her compensation rate is $549.12 for purposes of this hearing, subject to modification by agreement of the parties or order of the court, until a wage statement is filed.

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on June 16, 2021.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| J. Allen Brown, employee's attorney | | | X | allen@jallenbrownpllc.com |
| Kristen Stevenson, employer's attorney | | | X | Kcstevenson@mijs.com<br>telett@mijs.com<br>ssshell@mijs.com |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

_____
Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*